United States District Court
for the
Southern District of Florida

| Ronald Kercher, Plaintiff, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Civil Action No. 19-21467-Civ-Scola |
| | ) | |
| Carnival Corporation, Defendant. | ) | |
| | ) | |

## Opinion Order Striking Complaint

This matter is before the Court on an independent review of the record. This action arises from injuries allegedly sustained by Plaintiff Ronald Kercher ("Kercher") when he slipped and fell onboard a ship operated by Defendant Carnival Corporation ("Carnival"). (ECF No. 1.) In the Complaint, Kercher asserts one count for "negligence," alleging at least nine ways in which Carnival "breached" a duty of care to Kercher or was otherwise "negligent." (*Id.* at ¶ 11.) These "breaches" raise numerous distinct theories of liability, including for negligently creating or allowing a dangerous condition, negligent failure to warn, negligent failure to train or supervise, and negligent hiring and retention. (*Id.* at ¶ 11(a)-(i).)

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018). They violate Federal Rules of Civil Procedure 8(a)(2) and 10(b), "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.* (quotations and alterations omitted). When presented with a shotgun pleading, a district court "should strike the pleading and instruct counsel to replead the case—if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357-58 (11th Cir. 2018) ("This is so even when the other party does not move to strike the pleading"). One type of shotgun pleading is where a complaint fails to "separate[] into a different count each cause of action or claim for relief." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322-23, n.13 (11th Cir. 2015). The Complaint is this type of shotgun pleading.

Through a single "negligence" count, Kercher asserts multiple, distinct theories of liability. (ECF No. 1 at ¶ 11.) Each theory is a separate cause of action that must be asserted independently and with supporting factual allegations. *See Garcia v. Carnival Corp.*, 838 F. Supp. 2d 1334, 1337, n.2 (S.D. Fla. 2012) (Moore, J.) (dismissing maritime negligence claim that "epitomizes a form of

'shotgun' pleading," where the plaintiff alleged that Defendant owed a duty of "reasonable care under the circumstances," and then "proceed[ed] to allege at least twenty-one ways in which Defendant breached this duty"); *Brown v. Carnival Corp.*, 202 F. Supp. 3d 1332, 1338 (S.D. Fla. 2016) (Ungaro, J.) ("Simply alleging that Carnival owed Plaintiff a duty of 'reasonable care' in a conclusory fashion, while also pleading ["forty-one"] alleged breaches that purport to impose a heightened duty upon Carnival, is not sufficient to state a valid negligence claim under maritime law," and holding that "the burden will remain on Plaintiff to review her Complaint and ensure that each factual allegation is supported by law and plausible facts, and is alleged in good faith."); *Gayou v. Celebrity Cruises, Inc.*, No. 11-23359-Civ, 2012 WL 2049431, at *5-*6, n.2 (S.D. Fla. June 5, 2012) (Scola, J.) (ordering plaintiff to amend complaint to "separately allege an independent count" for various theories of liability that were lumped into a single maritime negligence claim); *Flaherty v. Royal Caribbean Cruises, Ltd.*, No. 15-22295, 2015 WL 8227674, *3 n.3 (S.D. Fla. Dec. 7, 2015) (Lenard, J.) (same); *Doe v. NCL (Bahamas) Ltd.*, 2016 WL 6330587, at *3 (S.D. Fla. Oct. 27, 2016) (Ungaro, J.) (holding that Plaintiff's "boilerplate allegations" of breach of duty failed to state a claim for negligent hiring and retention, training and supervision under maritime law, and ordering Plaintiff to "allege each of these three claims **in separate Counts**" in an amended complaint (emphasis in original)); *Ciethami v. Celebrity Cruises, Inc.*, 207 F. Supp. 3d 1345, 1349-50 (S.D. Fla. 2016) (Williams, J.) (holding that maritime negligence claim failed Rule 8(a), where the Plaintiff's "shotgun-style recitation[]" of "34 breaches of duty," "without any factual context," makes "any meaningful assessment of her claims difficult"); *Gharfeh v. Carnival Corp.*, No. 17-20499, 2018 WL 501270, at *3, *6-*7 (S.D. Fla. Jan. 22, 2018) (Goodman, Mag. J.) (dismissing maritime negligence count that "improperly commingles claims" as an "impermissible shotgun pleading"); *Gharfeh v. Carnival Corp.*, 309 F. Supp. 3d 1317, 1333, n.7 (S.D. Fla. 2018) (Goodman, Mag. J.) (dismissing negligence claim where Plaintiff "has done little more than assert fact-free, wholly conclusory, boilerplate allegations" and requiring in any amended pleading that the plaintiff "allege facts, not merely labels and boilerplate conclusions"); *Ward v. Carnival Cruises*, No. 17-24628, 2019 WL 342027, at **2-3, n.1, n.2 (S.D. Fla. Jan. 28, 2019) (Scola, J.) (collecting cases).[1]

---

[1] *See also Kulakowski v. Royal Caribbean Cruises, Ltd.*, No. 16-21375, 2017 WL 237642, at **1-2 (S.D. Fla. Jan. 18, 2017) (King, J.) (dismissing maritime negligence claim that "runs afoul of federal pleading requirements by including nineteen separate alleged breaches of the duty of care in a single count for negligence and by failing to allege facts to support the vast majority of the alleged

Accordingly, the Court **strikes** the Complaint, (**ECF No. 1**), as a shotgun pleading. Kercher may file an amended complaint by **April 25, 2019**, provided it complies with this order, Federal Rules of Civil Procedure 8(a) and 10(b), and the *Iqbal/Twombly* standard. Specifically, Kercher shall assert each theory of liability as a separate cause of action. And any legal conclusions that form the basis for those claims must be made in good faith and supported by factual

---

breaches") (King, J.) *Thompson v. Carnival Corp.*, 174 F. Supp. 3d 1327, 1343 ("This Court is concerned that advocacy in maritime tort cases has come to resemble an automotive assembly line. Like automotive manufactures mass producing one vehicle after another, attorneys are churning out seemingly identical complaints. A complaint of this nature is more jalopy than Jaguar."); *Richards v. Carnival Corp.*, 2015 WL 1810622, at **2-3 (S.D. Fla. Apr. 21, 2015) (Cooke, J.) (holding plaintiff's "laundry list" of breaches failed to state a claim for maritime negligence); *Caldwell v. Carnival Corp.*, 944 F. Supp. 2d 1219, 1226 n.1 (S.D. Fla. 2013) (Cooke, J.) (refusing to strike individual theories of liability lumped into one "negligence" claim, but "caution[ing[ Plaintiff that Defendant's challenges to the alternative theories of negligence have merit, and several of the subparts likely would have been dismissed in a properly pleaded complaint that did not list the numerous breached duties within one broader count of negligence."); *O'Brien v. NCL (Bahamas) Ltd.*, 2016 WL 11504098, at **2-3 (S.D. Fla. Nov. 18, 2016) (Lenard, J.) (*sua sponte* requiring amended complaint where a single maritime negligence claim "espouse[d] nine specific (and one general) theories" of breach that were "conceptually different and require different proof," finding that if "this case proceeded to trial, it would be impossible to instruct the jury as to the single negligence claim currently pleaded in the Complaint."); *Gibson v. NCL (Bahamas) Ltd.*, No. 11-24343, 2012 WL 1952667, at *3 n.5 (S.D. Fla. May 30, 2012) (Seitz, J.) ("In drafting her Amended Complaint, Plaintiff should review the twenty sub-claims that comprise Plaintiff's negligence claim against NCL (Count I) and the fifteen sub-claims for negligence against the Excursion Entities (Count II) to ensure that they state claims for relief and that they are supported by facts known to Plaintiff. Additionally, counsel should consider that the pleadings frame the issues for discovery, motion practice, and, ultimately, for the jury."); *Wohlford v. Carnival Corp.*, No. 17-cv-20703, 2017 WL 7731225, at **2-4 (S.D. Fla. May 11, 2017) (Ungaro, J.) (dismissing maritime negligence claim that "improperly commingles two theories of negligence with different pleading elements in the same county, in violation of Fed. R. Civ. P. 10(b)"); *Malley v. Royal Caribbean Cruises Ltd.*, 713 F. App'x 905, 909-10, n.1, n.2, n.3 (11th Cir. 2017) (affirming summary judgment for defense on single "negligence" claim, and analyzing independently various theories of negligence pled under that count and rejecting arguments that the district court failed to address one theory of negligence because, "[a]rguably, Plaintiff did not sufficiently raise" that claim below).

allegations. *See* Fed. R. Civ. P. 11(b); *Gayou*, 2012 WL 2049431 at *6 ("Upon re-pleading, however, [plaintiff] is reminded that any alleged breaches, and the duties associated therewith, must be consistent with federal maritime law and must be supported by underlying factual allegations."). Kercher is forewarned that failure to comply with this order may result in the dismissal of this case with prejudice or other appropriate sanctions. *See Jackson*, 898 F.3d at 1358-59 (instructing that "if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." (quotations omitted)).

**Done and ordered**, in Chambers, in Miami, Florida on April 18, 2019.

Robert N. Scola, Jr.
United States District Judge